**Jason M. ZACHARDY, Appellant,**

**v.**

**GENEVA COLLEGE, Appellee.**

Superior Court of Pennsylvania.

Argued March 24, 1999.

Filed June 23, 1999.

Gary E. Gerson, Pittsburgh, for appellant.

Lori D. Mendicino, Pittsburgh, for appellee.

Before DEL SOLE, JOYCE and BECK, JJ.

JOYCE, J.:

¶ 1 This is an appeal from the final order of the trial court which granted the motion for summary judgment filed by Appellee, Geneva College. For the reasons set forth below, we affirm. Before addressing the merits of this appeal, we will briefly recount the relevant facts.

¶ 2 On April 21, 1994, Appellant, Jason Zachardy, the starting center fielder for Point Park College, and his teammates were scheduled to play a baseball game against Appellee. The game was played on Appellee's baseball field. During the game, Appellant, while in pursuit of a fly ball, stepped in a divot/hole/imperfection in the grass-covered outfield. Appellant's right knee buckled and he sustained severe injury to his right knee.

¶ 3 As a result of the foregoing incident, Appellant filed a complaint alleging that Appellee had a duty to keep and maintain the ball-field in a reasonably safe condition. Appellant asserts Appellee was negligent in failing to maintain this condition. On April 29, 1998, Appellee filed a motion

for summary judgment on the grounds that no duty of care was owed because Appellant had assumed the risks associated with playing baseball. Furthermore, Appellee believes these risks were obvious and apparent. Following argument, the trial court granted summary judgment in favor of Appellee. Appellant timely appealed.

¶ 4 Appellant presents the following issue for our review; (1) whether the trial court erred in granting summary judgment finding that Appellee owed no duty of care to Appellant.

> In reviewing a grant of summary judgment, an appellate court may disturb the order of the trial court only where there has been an error of law or a manifest abuse of discretion. Nevertheless, the scope of review is plenary and the appellate court shall apply the same standard for judgment as the trial court.... The record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the presence of a genuine issue of material fact must be resolved against the moving party.

¶ 5 *Albright v. Abington Memorial Hospital*, 548 Pa. 268, 278, 696 A.2d 1159, 1165 (1997) (citations omitted). "An entry of summary judgment may be granted only in cases where the right is clear and free from doubt. The moving party has the burden of proving the nonexistence of any genuine issue of material fact." *Kilgore v. City of Philadelphia*, 553 Pa. 22, 25, 717 A.2d 514, 515–516 (1998). In order to withstand a motion for summary judgment, a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Washington v. Baxter*, 553 Pa. 434, 441, 719 A.2d 733, 737, (1998) (citation and quotation marks omitted). We will evaluate Appellant's claim and the decision of the trial court with these considerations in mind.

¶ 6 Appellant makes note of the fact that there is substantial uncertainty with respect to the current status of assumption of the risk in Pennsylvania. The Pennsylvania Supreme Court has held that implied assumption of the risk has become part of the duty analysis for the trial court and not as part of the case to be determined by the jury. *Howell v. Clyde*, 533 Pa. 151, 161, 620 A.2d 1107, 1112–1113 (1993) (plurality opinion). Furthermore, the court observed:

> In assumption of the risk types 2 and 3 a plaintiff has voluntarily and intelligently undertaken an activity which he knows to be hazardous in ways which subsequently cause him injury. His choice to undertake this activity may or may not be regarded as negligent. His negligence or lack of negligence, however, is not the operative fact; rather, the operative fact is his voluntary choice to encounter the risk. The theoretical underpinning of these types of assumption of risk is that as a matter of public policy one who chooses to take risks will not then be heard later to complain that he was injured by the risks he chose to take and will not be permitted to seek money damages from those who might otherwise have been liable.

*Id.* at 161, 620 A.2d at 1112. The court then goes on to explain that:

> Under this approach the court may determine that no duty exists only if reasonable minds could not disagree that the plaintiff deliberately and with the awareness of specific risks inherent in the activity nonetheless engaged in the activity that produced his injury. Under those facts, the court would determine that the defendant, as a matter of law, owed plaintiff no duty of care.

*Id.* at 162–163, 620 A.2d at 1113.

¶ 7 The first component of assumption of the risk involves Appellant's knowledge or awareness of the risk or

hazard. In the instant case, Appellant testified that prior to the game starting he observed frequent holes, ruts and depressions scattered throughout the outfield. N.T. Appellant Deposition, 8/18/97, at 21, 35. Appellant recalled that one of his teammates commented on the condition of the outfield by stating "someone's going to break an ankle out here today." *Id.* at 25. When questioned by Appellee's attorney, the following dialogue took place:

Q. —depression? Well, you had seen some of the ruts and depressions prior to the game even starting; correct?

A. Correct.

Q. At that time in your life, at that time were you aware that running around the field with ruts or depressions could cause you to trip, fall, lose your balance?

A. Was I aware that it could happen?

Q. Yes.

A. Sure. I was aware that that could possibly happen.

Q. Were you aware that you could get injured?

A. Yes.

Q. And you knew that before the game started?

A. Yes. You know, that—yes. Before any game starts, you are aware you could be injured.

*Id.* at 98–99. From the facts discussed above, we find no error in the trial court's determination that Appellant knowingly proceeded in the face of an obvious danger.

¶ 8 The second component is that the risk must be faced voluntarily. Citing *Rutter v. Northeastern Beaver County School District*, 496 Pa. 590, 437 A.2d 1198 (1981) (plurality opinion), Appellant questions the voluntariness of his decision to play. In *Rutter*, the plaintiff, a person with limited experience was injured during preseason football practice. Prior to practices beginning, plaintiff's coach had announced that it was unlikely that boys not participating in practice would make the team. The court concluded that given plaintiff's inexperience and the coach's comments, there was at least a question as to the voluntariness of the plaintiff's actions. We do not find the same circumstances in the present case.

¶ 9 Appellant was an experienced ball-player. He admitted he was aware he could be injured running around the outfield which had ruts and depressions. N.T. Appellant Deposition, 8/18/97, at 98–99. Appellant testified he would not pull himself out of a game because of an unsteady surface. *Id.* at 26. Additionally, Appellant stated he thought his coach "wouldn't have liked it too much" if he decided not to play because of some holes in the outfield. *Id.* at 27. However, Appellant never discussed the holes in the outfield with his coach. *Id.* at 28–29. Furthermore, Appellant never testified that his coach told him his starting position or scholarship was in jeopardy if he did not play that day. Indeed, Appellant never testified he felt his position or scholarship was in danger were he not to play. Therefore, sufficient justification exists to support the trial court's conclusion that Appellant voluntarily faced the risk presented.

¶ 10 Where an appellant voluntarily and with the awareness of specific risks inherent in the activity proceeds in the face of a known risk, he absolves the appellee from a duty to protect him from injuries thus sustained. *Howell v. Clyde*, 533 Pa. 151, 161, 620 A.2d 1107, 1113 (Pa. 1993) (plurality opinion). From the facts discussed above, the trial court determined that Appellant voluntarily and knowingly proceeded in the face of an obvious and dangerous condition. We agree. Accordingly, we find Appellee owed no duty to Appellant.

¶ 11 Finally, Appellant admits that while holes on a baseball field may be a normal hazard associated with the game, holes in the outfield large enough to cause this type of injury are not a normal hazard of the game. We note there is no evidence

regarding the size, location or appearance of the hole that may have caused this injury. Thus, we find this claim to be without merit. Finding no cause for relief, we affirm.

¶ 12 Order affirmed.

¶ 13 DEL SOLE, J. files Dissenting Opinion.

DEL SOLE, J., dissents:

¶ 1 Because I believe the Majority incorrectly concludes that the issue of voluntariness in the Assumption of the Risk defense has been established, I must dissent.

¶ 2 Initially, I note the Majority holds that because the Appellant did not testify that his baseball "coach told him his starting position or scholarship was in jeopardy if he did not play that day ... [or that] he felt his position or scholarship was in danger," he has failed to establish the involuntariness of his actions. Majority Op. at 651. This analysis fails for two reasons.

¶ 3 First, since assumption of the risk is an affirmative defense, the appellee has the burden of establishing the appellant's voluntary act. Since the case reaches us following entry of summary judgment, only an admission of Appellant would be sufficient to provide the basis for such a ruling. Having reviewed the deposition of Appellant, there is no admission. The Majority has, I believe, engaged in an impermissive shifting of the burden of proof on the issue.

¶ 4 Second, I contend that *Rutter v. Northeastern Beaver County School District*, 496 Pa. 590, 437 A.2d 1198 (1981) is controlling and requires the issue be submitted to a fact finder. In the lead opinion, now Chief Justice Flaherty cited with approval, the Restatement (Second) of Torts § 496 E and its comments involving voluntariness, particularly comment "c" which prohibits a defendant, by its tortuous act, from forcing a person to give up the exercise of a right or privilege in order to avoid a risk.

¶ 5 As the court in *Rutter* held:

There is at least a question for the jury as to whether appellant was compelled to accept the risk of playing "jungle football" in order to protect his right or privilege to play (varsity) football (§ 496 E, comment "c"). If he was so compelled, the acceptance of risk was not voluntary, and thus, he was not subject to the bar the rule.

*Id.* at 605, 437 A.2d at 1205.

¶ 6 Applying this analysis to the present case requires that the issue of voluntariness, at the least, must be submitted to a jury. Further, where the plaintiff believes, even if incorrectly, that he must participate, the defense would not apply.

¶ 7 For these reasons, I dissent and would reverse the entry of summary judgment.