**Mary Lou WALINSKY, Appellant,**

v.

**ST. NICHOLAS UKRAINIAN CATHOLIC CHURCH and Borough of Minersville.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1999.

Decided Nov. 5, 1999.

Bobbie Ann Thornburg, Philadelphia, for appellant.

Kevin C. McNamara, Harrisburg, for appellee, St. Nicholas Ukrainian Catholic Church.

Before COLINS, J., FRIEDMAN, J., and JIULIANTE, Senior Judge.

plaine v. Lehigh Valley Trust Co., 457 Pa. 255, 322 A.2d 114 (1974). Because the Borough

did not preserve this issue, it was waived.

FRIEDMAN, Judge.

Mary Lou Walinsky (Walinsky) appeals from an order of the Court of Common Pleas of Schuylkill County (trial court) granting separate motions for summary judgment filed by the Borough of Minersville (Borough) and by St. Nicholas Ukrainian Catholic Church (St. Nicholas Church). We affirm.

St. Nicholas Church is situated on a hill and has a side entrance on Parsonage Street across from a parking lot. On January 1, 1996, Walinsky and her husband arrived at the church and parked in the lot. There had been some snowfall, but the Borough had plowed Parsonage Street and had spread cinders and ashes. As Walinsky and her husband walked from the parking lot across Parsonage Street to enter the church's side entrance, Walinsky fell on a three and one-half to four-foot wide strip of one-inch thick ice, snow or "frozen precipitation" that ran down the side of the street. Walinsky incurred various injuries as a result of the fall. (Trial court's op. at 4, 6.)

Walinsky subsequently filed a complaint against St. Nicholas Church with the trial court alleging that, on January 1, 1996, she "was caused to fall on a slippery and dangerous ice covered walk and steps adjacent to [St. Nicholas Church]" in the Borough. During the course of discovery, Walinsky acknowledged that she did not actually fall on a sidewalk or the steps of St. Nicholas Church; rather, she fell on a portion of Parsonage Street, which is a Borough street. On August 4, 1997, St. Nicholas Church filed a complaint joining the Borough and alleging that the incident "occurred on real estate owned, controlled and/or possessed" by the Borough. The Borough filed an answer with new matter asserting that the Borough was immune from suit pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541–8542.[1] (Trial court's op. at 1–2, 5.)

The Borough and St. Nicholas Church subsequently filed separate motions for summary judgment. In granting the motion for summary judgment filed by St. Nicholas Church, the trial court determined that St. Nicholas Church could not be held liable here because it does not "possess" any portion of Parsonage Street despite the fact that it throws ashes across the road when precipitation falls.[2] (Trial court op. at 8–10.) In granting the Borough's motion for summary judgment, the trial court determined that, because the Borough would not have been liable at common law, or under a statute, for injuries to a pedestrian caused by its plowing of snow on a Borough street, the Borough is immune from liability under 42 Pa.C.S. § 8542(a). (Trial court op. at 6–7.)

1. Under 42 Pa.C.S. §§ 8542(a) and 8542(b)(6)(i), a local agency shall be liable for damages on account of an injury to a person: (1) if the damages would be recoverable under common law or a statute; (2) if the injury was caused by the negligent acts of the local agency; and (3) if a dangerous condition of streets owned by the local agency created a reasonably foreseeable risk of the kind of injury incurred and the local agency had actual notice, or could reasonably be charged with notice under the circumstances, of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

2. In opposing the motion for summary judgment, Walinsky relied on section 343 of the Restatement (Second) of Torts (1965), which states that: "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger."

Section 328E of the Restatement (Second) of Torts (1965) states that: "A possessor of land is (a) a person who is in occupation of the land with the intent to control it or (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it; or (c) a person who is entitled to immediate occupation of land, if no other person is in possession under Clauses (a) and (b)."

## I. St. Nicholas Church's Motion

On appeal to this court,[3] Walinsky argues that the trial court erred in granting summary judgment to St. Nicholas Church because a jury could find that St. Nicholas Church "possesses" that portion of Parsonage Street surrounding its side entrance. However, even if a jury could make such a finding,[4] this does not mean that the trial court erred in granting summary judgment to St. Nicholas Church.

Section 349 of the Restatement (Second) of Torts (1965) states, in relevant part, that: "A possessor of land over which there is a public highway[5] ... is not subject to liability for physical harm caused to travelers upon the highway ... by his failure to exercise reasonable care ... to maintain the highway ... in safe condition for their use...." Here, then, even if a jury were to find that St. Nicholas Church was a "possessor" of the area of Parsonage Street by the church's side entrance, St. Nicholas Church would not be liable for Walinsky's injuries because of its failure to clear snow and ice from that area. *See Allen v. Mellinger,* 156 Pa. Cmwlth. 113, 625 A.2d 1326 (1993), *appeal denied,* 537 Pa. 653, 644 A.2d 738 (1994).[6]

**3.** In reviewing a trial court's grant of summary judgment, an appellate court may disturb the order only where there has been an error of law or an abuse of discretion. *Kilgore v. City of Philadelphia,* 553 Pa. 22, 717 A.2d 514 (1998). A party is entitled to summary judgment as a matter of law: (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery; or (2) if, after the completion of discovery relevant to the motion, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa. R.C.P. No. 1035.2. The moving party has the burden of proving the nonexistence of any genuine issue of material fact. *Kilgore.* In that regard, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* Thus, summary judgment is granted only where the right to it is clear and free from doubt. *Id.*

**4.** A "possessor of land" is a person who occupies land with intent to control it. Section 328E of the Restatement (Second) of Torts (1965). Whether a party is a "possessor of land" is a determination to be made by the trier of fact. *Blackman v. Federal Realty Investment Trust,* 444 Pa.Super. 411, 664 A.2d 139 (1995). Where the alleged "possessor of land" has filed a motion for summary judgment and asserted that the non-moving party has not produced evidence to establish that the moving party is a "possessor of land," the non-moving party must identify evidence establishing that fact in its response to the motion. *See Pa. R.C.P. No. 1035.3(a)(2).*

Here, St. Nicholas Church asserted in support of its motion for summary judgment that Walinsky failed to produce evidence to establish that St. Nicholas Church "possesses" a portion of Parsonage Street. (R.R. at 16a.) In response, Walinsky identified evidence establishing that when Borough employees plow Parsonage Street, they leave a trail of snow that St. Nicholas Church intentionally removes in order to provide clear access to the church's side entrance. (R.R. at 24a, 69a, 79a, 96a–97a.) The trial court did not believe that such evidence would support a finding that St. Nicholas Church "possesses" a portion of Parsonage Street. (Trial court op. at 9.) However, we believe that a jury *might* find that St. Nicholas Church occupies a portion of Parsonage Street during and following periods of snowfall with intent to control that part of the street so that there is clear access to the church's side entrance.

**5.** Walinsky suggests that section 349 does not apply here because Parsonage Street is not a "highway." (Walinsky's brief at 12.) However, this court and others have applied section 349 to various kinds of public roadways. *See Fazio v. Fegley Oil Co.* 714 A.2d 510 (Pa. Cmwlth.1998), *appeal denied,* 557 Pa. 656, 734 A.2d 863 (1999) (applying section 349 to a public alleyway); *Cruet v. Certain–Teed Corp.,* 432 Pa.Super. 554, 639 A.2d 478 (1994), *appeal denied,* 541 Pa. 639, 663 A.2d 691 (1995) (applying section 349 to a county road); and *Kopveiler v. Northern Pacific Railway Co.,* 280 Minn. 489, 160 N.W.2d 142 (1968) (applying section 349 to a public street maintained by a local village).

**6.** In the *Allen* case, Allen and her passenger were seriously injured when the vehicle they rode in collided with a truck as Allen attempted to make a left hand turn from a state highway into the parking lot of a store. Allen sued the store's owners for failing to warn motorists of limited visibility and the possibil-

■ Because the question of whether St. Nicholas Church is a "possessor of land" is not material to the outcome of this case, the trial court did not err in granting summary judgment to St. Nicholas Church.

## II. Borough's Motion

Walinsky also argues, relying on *Kilgore v. City of Philadelphia*, 553 Pa. 22, 717 A.2d 514 (1998), that the trial court erred in concluding that a jury could not hold the Borough liable for Walinsky's injuries. We disagree.

In *Kilgore*, an employee of Federal Express sued the city of Philadelphia when his right foot was crushed by a motorized tug on an airport roadway. Kilgore brought his suit under the real property exception to governmental immunity,[7] alleging that a co-worker lost control of the tug because of an accumulation of ice and snow on the roadway. This court affirmed the entry of summary judgment in favor of the city, but our supreme court held that summary judgment was not appropriate because there was a genuine issue of material fact as to whether the city was negligent in its care, custody or control of the roadway. *Kilgore.* In so holding, our supreme court noted that its holding was not in conflict with its prior holding in *Finn v. City of Philadelphia*, 541 Pa. 596, 664 A.2d 1342 (1995). The court explained that *Finn* involved the sidewalk exception to governmental immunity, not the real property exception, and that the plain language of the real property exception could not be ignored. *Kilgore.* Thus, the supreme court limited its holding in *Kilgore* to cases involving the real property exception.

Here, we are *not* dealing with the real property exception to governmental immunity, where the inquiry is whether the negligent care, custody or control of real property caused the plaintiff's injuries. Rather, this case involves the street exception to governmental immunity, where the inquiry is whether a "dangerous condition *of* streets" caused the plaintiff's injuries. 42 Pa.C.S. § 8542(b)(6)(i) (emphasis added). Indeed, in cases involving the street exception, "liability depends, first, on the legal determination that an injury was caused by a condition of [the street] itself, deriving, originating from, or having the [street] as its source, and, only then, the factual determination that the condition was dangerous." *Finn*, 541 Pa. at 605, 664 A.2d at 1346. In other words, before a jury can decide here whether there was a dangerous condition on Parsonage Street, there must be a legal determination as to whether Walinsky's injuries were caused by a condition *of* the street.

■ A dangerous condition *of* the street causes a person's injuries where the condition arose "from the ... street ... rather than from something that has fallen onto the ... street...." *Osborne v. Cambridge Township*, 736 A.2d 715, 724 (Pa. Cmwlth.1999). Here, the snow and ice that caused Walinsky's injuries fell *onto* Parsonage Street; therefore, as a matter of law, the street exception does not apply in this case.[8] Because this is a legal question and not a fact question for the jury,

---

ity of oncoming traffic at the entrance to the parking lot. We held that the store's owners were *not* liable for the injuries pursuant to section 349 of the Restatement (Second) of Torts.

7. The real property exception to governmental immunity allows the imposition of liability on a local agency where the injury is caused by the care, custody or control of real property in the possession of the local agency. *See* 42 Pa.C.S. § 8542(b)(3).

8. The street exception also does not apply because, under common law, a municipality has no duty to clear its streets of ice and snow as long as the ice and snow resulted from "natural" causes. *Vitelli v. City of Chester*, 119 Pa.Cmwlth. 58, 545 A.2d 1011 (1988). "The fact that snow has been shovelled ... does not change its character from 'natural' to 'artificial.'" *Id.* at 1013. Because Walinsky could not recover damages for her slip and fall under common law, Walinsky may not recover under the street exception to governmental immunity.

the trial court did not err in granting the Borough's motion for summary judgment.

Accordingly, we affirm.

## *O R D E R*

AND NOW, this 5th day of November, 1999, the order of the Court of Common Pleas of Schuylkill County, dated April 29, 1999, is hereby affirmed.