**Suzann J. IRISH, Appellant,**

v.

**LEHIGH COUNTY HOUSING AUTHORITY; Scott Russo, Individually and trading as Russo & Kocher Concrete a/k/a Russo & Kocher.**

Commonwealth Court of Pennsylvania.

Argued April 10, 2000.

Decided May 10, 2000.

Joseph A. Holko, Allentown, for appellant.

Steven E. Hoffman, Allentown, for appellee, Lehigh County Housing Authority.

Before COLINS, J., PELLEGRINI, J., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Suzann J. Irish (Irish) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) granting the motion for summary judgment filed by the Lehigh County Housing Authority (Authority) and dismissing her motion for leave to file an amended complaint.

Irish is a tenant of the Authority's Fountain Hill Project. On February 5, 1995, she slipped and fell on ice and snow while walking in the Fountain Hill parking lot owned by the Authority. She filed a negligence action against the Authority, among others, alleging that she suffered various injuries.[1] The Authority then filed a motion for summary judgment arguing that it was immune from suit under the Sovereign Immunity Act, Sections 8521–8522 of the Judicial Code, 42 Pa.C.S. §§ 8521–8522,[2] because, in order for it to be liable under the real estate exception to sovereign immunity, Irish's accident had to be a result of a defect "of" the real estate itself rather than due to the presence of a foreign substance on the ground. Because Irish had only alleged she suffered injuries due to ice and snow "on" its parking lot and neither of those constituted a defect "of" the property, the Authority argued that the real estate exception to sovereign immunity did not apply.

In response, Irish filed an answer to the Authority's motion for summary judgment alleging that the presence of ice and snow on Commonwealth property constituted negligence by the Authority and fell within the real estate exception as a result of our Supreme Court's decision in *Kilgore v. City of Philadelphia*, 553 Pa. 22, 717 A.2d 514 (1998), where it held that the real

---

1. In her complaint, Irish contended that the Authority:

    (a) Carelessly and negligently allowed and permitted ice and snow to collect on its property;

    (b) Allowed and permitted ice and snow to collect on its property, and permitted it to remain in a hazardous and dangerous condition for an extended period of time; and

    (c) Failed to remove the ice and snow or to place upon it a protective covering when it had notice of the hazardous and dangerous condition.

    Irish alleged that she "suffered serious bodily injuries, including but not limited to aggravation of thoracic outlet syndrome, injuries to her left hand and fingers with nerve compression, injuries to right hand and forearm, and to her wrists, arms, and knees, and herniated lumbar discs, by reason of which the Plaintiff was rendered sick, sore and disorderd, all of which has been to the Plaintiff's great financial loss."

    Irish also filed the complaint against Scott Russo individually and trading as Russo & Kocher Concrete who had the snow removal contract with the Authority. That portion of the complaint is not pertinent to this appeal.

2. 42 Pa.C.S. § 8521(a) provides:

    Except as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity for the purpose of 1 Pa.C.S. § 2310 (relating to sovereign immunity reaffirmed; specific waiver) or otherwise.

    42 Pa.C.S. § 8522(b)(4) provides:

    (b) **Act which may impose liability**. The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

    ❉      ❉      ❉

    (4) **Commonwealth real estate, highways and sidewalks**. A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, lease-holds in the possession of a Commonwealth agency; and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

estate exception to sovereign immunity should be read consistently with the broader language of the real estate exception to governmental immunity[3] which allows for liability when the injury occurs on real estate under the "care, custody and control" of the agency. She also filed a motion requesting to amend her complaint to include a breach of contract action against the Authority. The trial court granted the Authority's motion for summary judgment after finding that Irish's injuries were not caused by a defect "of" the Authority's property as required for sovereign immunity to be waived but rather from a defect "on" the Authority's property. It also denied Irish's request to amend her complaint. When Irish's petition for reconsideration was also denied, this appeal followed.[4]

The only issue on appeal is whether our Supreme Court's holding in *Kilgore* now requires that the broader language in the real property exception to governmental immunity for local agencies be applied to cases involving the real estate exception to sovereign immunity involving Commonwealth parties. Irish contends that the trial court erred by granting the Authority's motion for summary judgement[5] because *Kilgore* held that sovereign immunity and governmental immunity dealt with indistinguishable subject matter and are to be interpreted consistently; therefore, the on/of distinction is not the standard by which to determine slip and fall cases.

In *Kilgore*, the claimant was injured while working at the Philadelphia International Airport when a co-worker who was attaching a cargo dolly to a motorized tug slipped on ice and snow causing the claimant's injuries. The claimant filed a complaint against the City of Philadelphia alleging it was negligent when it failed to remove the ice and snow. Analyzing this matter under the Political Subdivision Tort Claims Act, our Supreme Court determined that Kilgore had satisfied the requirement that his injury occurred as a result of one of the acts under 42 Pa.C.S. § 8542(b) because he alleged that the City's failure to remove ice and snow related to the "care, custody and control of real property in possession of the local agency." While the Court footnoted that "statutes dealing with governmental and sovereign

3. The real property exception to governmental immunity under the Political Subdivision Tort Claims Act found at 42 Pa.C.S. § 8542(b)(3) provides the following:

> (b) **Acts which may impose liability.** The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> *       *       *
>
> (3) *Real property.* The *care, custody or control of real property in the possession or control* of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:
> (i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;
> (ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;
> (iii) streets; or
> (iv) sidewalks.

(Emphasis added.)

4. *Our scope of review of the trial court's order granting summary judgment is limited to determining whether there was an error of law or an abuse of discretion.* Young v. Department of Transportation, *714 A.2d 475 (Pa. Cmwlth.1998),* petition for allowance of appeal granted, *555 Pa. 546, 725 A.2d 749. Upon reviewing a trial court's grant of a motion for summary judgment, we must examine the record in a light most favorable to the non-moving party, accepting as true all well-pleaded facts and reasonable inferences to be drawn therefrom.* Kevan v. Manesiotis, *728 A.2d 1006 (Pa.Cmwlth.1999).*

5. Summary judgment is properly granted where there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery or expert report. Pa. R.C.P. No. 1035.2(1). Summary judgment may be granted only in cases where the right is clear and free from doubt. *Davis v. Brennan,* 698 A.2d 1382 (Pa.Cmwlth.1997). The moving party has the burden of proving the lack of any genuine issue of material fact. *Id.*

immunity are to be interpreted consistently, as they deal with indistinguishable subject matter," it never indicated that every provision dealing with the same subjects should be interpreted the same when the language in the exceptions are different. To so hold would mean that even though the General Assembly used different words—"dangerous condition of" in the real property exception for sovereign immunity but "care custody and control of" in the local agency exception—it did not do so for any reason and its intent was that the exceptions be the same. Aside from the fact that the "Sovereign Immunity Act" and the "Political Subdivision Acts" are very different acts and reflect the different history, concerns and operations between the commonwealth parties and local agencies, to interpret these provisions in lockstep when the language between them is very different would violate the Statutory Construction Act admonition that some presumed intent is never to be used when the language of the statute is plain. 1 Pa.C.S. § 1921. What our Supreme Court apparently meant when stating that those exceptions should be interpreted consistently was that all of the real property "type" exceptions, e.g., street and sidewalk exceptions, that have the "dangerous condition of" language should be interpreted consistently.[6]

In any event, recently in *Jones v. Southeastern Pennsylvania Transportation Authority,* 748 A.2d 1271 (Pa.Cmwlth.2000), this Court was presented with the identical argument now being made by Irish. In *Jones,* the claimant slipped and fell on rock salt on the train platform in the Southeastern Pennsylvania Transportation Authority's (SEPTA) Fern Rock Station in the City of Philadelphia and filed suit against SEPTA. The trial court granted summary judgment and we affirmed on appeal stating that *Kilgore* was decided under the governmental immunity exception to real property and not under the local agency exception. *See also Murphy v. Commonwealth, Department of Transportation,* 733 A.2d 688 (Pa.Cmwlth.1999) ("on"/"of" distinction continues to apply to claims under Section 8522(b)(4)); *Tallada v. East Stroudsburg University of Pennsylvania,* 724 A.2d 427 (Pa.Cmwlth.1999) (state university immune from liability under Section 8522(b)(4) where plaintiff alleged she fell while working in dining facility due to contents of kettle that leaked onto floor). As such, the holding in *Kilgore* does not require this Court to utilize the standard applicable to the real estate exception for governmental immunity in cases involving Commonwealth agencies. Moreover, in *Abella v. City of Philadelphia,*[7] 703 A.2d 547 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 555 Pa. 746, 725 A.2d 1222 (1998), we held that although the "on"/"of" distinction was previously held by our Supreme Court in *Grieff v. Reisinger,* 548 Pa. 13, 693 A.2d 195 (1997), to be inapplicable to the real estate exception for local agencies, nothing indicated that our Supreme Court had displaced that standard with regard to the sovereign immunity exception as well.

Because this Court has consistently held that the "on"/"of" distinction continues to apply to exceptions containing the "dangerous condition of" language and the sovereign immunity exception for real property contains such language, and Irish only alleged that she fell due to ice and snow that was "on" the Authority's parking lot, the trial court did not err by finding the Authority immune from suit and granting its motion for summary judgment.

Accordingly, the decision of the trial court is affirmed.

---

**6.** *See also Osborne v. Cambridge Township,* 736 A.2d 715 (Pa.Cmwlth.1999), for a history of the distinction between the "on" or "of" the road exception for immunity to be waived either under 42 Pa.C.S. § 8522(b) or 42 Pa. C.S. § 8542(b)(4).

**7.** The Commonwealth of Pennsylvania and General State Authority were also named as defendants in that action.

## *ORDER*

AND NOW, this 10th day of May, 2000, the order of the Court of Common Pleas of Lehigh County, dated July 26, 1999, is affirmed.