**Mark PARE, Appellant,**

v.

**WYETH, INC., Wyeth Pharmaceuticals, Inc., and Wyeth Ayerst International, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 2, 2004.

Filed March 4, 2005.

---

Rand P. Nolan, Houston, TX, and William S. Berman, Philadelphia, for appellant.

Barbara R. Binis, Philadelphia, for appellees.

BEFORE: JOYCE, GANTMAN and BECK, JJ.

OPINION BY BECK, J.:

¶ 1 In this case we interpret a provision of an Agreed Order issued by a Mississippi federal district court concerning the waiver of a statute of limitations defense in a personal injury claim. We affirm the trial court's order granting defendant-appellee Wyeth, Inc.'s ("Wyeth") motion for summary judgment.

¶ 2 Appellant Mark Pare took the drug Pondimin[1] for approximately ten months, beginning in October 1996. This drug, manufactured and sold by Wyeth, was prescribed as a diet therapy. At some point, Pare began to suspect that his ingestion of Pondimin had led to adverse health effects. On June 6, 2000, Pare filed a Social Security Disability claim, on the basis of mitral valve leakage, coronary artery disease, chest pain and depression, which he claimed prevented him from working as of September 1999. Pare was notified of a class action settlement with American Home Products Corporation/Wyeth[2] concerning diet drugs such as Pondimin, but he chose to opt out of the settlement on March 6, 2000.

¶ 3 Along with other plaintiffs, Pare filed a suit against Wyeth in Mississippi state court on September 15, 2000, alleging that his ingestion of Pondimin caused him to suffer heart-valve disease. Approximately two years later, appellant remained as the sole plaintiff, as the other plaintiffs had settled their suits. Wyeth then removed the case to federal court on the basis of diversity jurisdiction.

¶ 4 On October 11, 2002, a federal district court judge in Mississippi issued an Agreed Order dismissing Pare's suit without prejudice, pursuant to an agreement by the parties that is the subject of the current dispute. The relevant provision of the agreement is the following:

> Further, the Wyeth Defendants agree that if Mark Pare refiles his suit within sixty days of the date of this order in an appropriate venue outside of Mississippi, the Wyeth Defendants will not argue that the statute of limitations ran during the sixty day period.

Agreed Order, 10/11/02

¶ 5 Pare then refiled his suit in Pennsylvania on December 2, 2002.[3] On April 5, 2004, Wyeth filed a motion for summary judgment, based on expiration of the statute of limitations, which the trial court granted on May 3, 2004.

¶ 6 In this appeal, Pare claims that the trial court erred in granting Wyeth's motion for summary judgment. He asserts that under the Agreed Order Wyeth waived its right to invoke a statute of limitations defense at any time in the future. Pare contends that the wording of the Agreed Order is ambiguous and thus raises an issue of fact, making summary judgment improper. Next, Pare contends that Wyeth should be estopped from as-

---

1. Pondimin is also known as fenfluramine. Fenfluramine in combination with phentermine is commonly known as "fen-phen." Appellant's complaint indicates that he took both fenfluramine/Pondimin and phentermine.

2. In March 2002 American Home Products changed its name to Wyeth.

3. Court of Common Pleas, Philadelphia County, No. 0043 "FEN–PHEN" Case.

serting the statute of limitations because of concealment and misrepresentation on Wyeth's part regarding the Agreed Order. We find no merit to Pare's allegations.

¶ 7 In reviewing an order granting summary judgment, our scope is plenary and our standard is abuse of discretion or error of law. *Pappas v. Asbel,* 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001). An entry of summary judgment is proper only in the clearest of cases—when "the right is clear and free from doubt." *Kilgore v. City of Philadelphia,* 553 Pa. 22, 25, 717 A.2d 514, 515–16 (1998); *Lange v. Burd,* 800 A.2d 336, 339 (Pa.Super.2002), *appeal denied,* 572 Pa. 757, 818 A.2d 504 (2003). The court must view the record in the light most favorable to the non-moving party, who is entitled to all reasonable inferences. *Kilgore, supra* at 25, 717 A.2d at 516; *Lange, supra* at 338. The court may enter summary judgment only where there is no genuine issue of material fact and "it is clear that the moving party is entitled to a judgment as a matter of law ...." *Pappas, supra* at 418, 768 A.2d at 1095.

■ ¶ 8 Pare's first contention is that the Agreed Order is ambiguous and thus presents a question of material fact, making a grant of summary judgment improper. Pare's claim of ambiguity is based on the fact that the parties interpret the words of the Agreed Order differently. In analyzing the meaning of the language of the Agreed Order we look to contract principles for guidance. We examine the order to determine if its terms are clear or ambiguous. *Tuthill v. Tuthill,* 763 A.2d 417, 420 (Pa.Super.2000), *appeal denied,* 565 Pa. 675, 775 A.2d 808 (2001). We will find an ambiguity in the order "only if it is fairly susceptible of different constructions and capable of being understood in more than one sense." *Id.* Where the order is unambiguous "the parties' intent must be discerned solely from the plain meaning of the words used." *Charles D. Stein Revocable Trust v. General Felt Indus., Inc.,* 749 A.2d 978, 980 (Pa.Super.2000).

■ ¶ 9 We do not find ambiguity in the Agreed Order. Wyeth agreed that, if Pare refiled his suit in an appropriate venue within sixty days of the date of the order, Wyeth would "not argue that the statute of limitations ran during the sixty day period." Wyeth's concession concerned only the sixty day period after the date of the order. We point out that at the time the Agreed Order was issued, the Pennsylvania statute of limitations had already run.[4] Nevertheless, Pare insists that Wyeth agreed to waive its right to invoke a statute of limitations defense at any point in the future. He asserts that it is of no moment that the claim was already barred by expiration of the statute of limitations in Pennsylvania on the date of the Agreed Order. The trial court found that appel-

---

4. Pennsylvania has a two-year statute of limitations for a personal injury claim. 42 Pa. C.S.A. § 5524(2). The Pennsylvania statute of limitations is not tolled by the filing of an action in another state. *Ravitch v. Pricewaterhouse,* 793 A.2d 939, 943 (Pa.Super.2002), *appeal denied,* 572 Pa. 758, 818 A.2d 505 (2003). Appellant filed his claim in Mississippi state court on September 15, 2000. Appellant does not dispute that the statute of limitations began to run on his claim at least by the time that he filed suit in Mississippi, consistent with the rule that "[t]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises." *Cappelli v. York Operating Co., Inc.,* 711 A.2d 481, 484 (Pa.Super.1998) (en banc) (quoting *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324–25, 608 A.2d 1040, 1042 (1992)). Therefore, Pennsylvania's statute of limitations would bar appellant's claim as of September 14, 2002, at the latest, which was nearly a month before issuance of the Agreed Order. In resolving this case, it is not necessary to determine if appellant's claim was barred by the statute of limitations at an even earlier date, although evidence was presented to support that possibility.

lant's interpretation is contrary to the plain language of the Agreed Order. We agree.

¶ 10 Pare's claim in the Pennsylvania courts was barred as of September 14, 2002, at the latest, by the statute of limitations.[5] The Agreed Order was issued about a month later on October 11, 2002. The complaint was filed in Pennsylvania on December 2, 2002. From the language of the Agreed Order it is evident that Wyeth did not broadly waive the statute of limitations. The Agreed Order clearly provides that in a jurisdiction where the statute has not run, Wyeth will not defend on the basis of the statute of limitations for sixty days from the Agreed Order, which was issued on October 11, 2002. The trial court committed no error in granting summary judgment based on expiration of the statute of limitations.

 ¶ 11 Pare next contends that Wyeth is estopped from raising the statute of limitations defense, based on alleged concealment by Wyeth. Our Supreme Court has stated that a defendant is estopped from raising a statute of limitations defense when "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry." *Molineux v. Reed,* 516 Pa. 398, 402, 532 A.2d 792, 794 (1987) (quoting *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267, 269 (1963)). Although the concealment may be unintentional, "[m]ere mistake, misunderstanding or lack of knowledge" is not sufficient to invoke estoppel. *Id.* at 403, 532 A.2d at 794. The plaintiff has the burden to prove fraud or concealment by "clear, precise and convincing" evidence. *Id.* The plaintiff also must prove that he justifiably relied on some affirmative act of concealment by the defendant. *Lange, supra* at 339. "There

can be no equitable estoppel where the complainant's act appears to be rather the result of his own will or judgement [sic] than the product of what defendant did or represented." *Zitelli v. Dermatology Educ. & Research Found.,* 534 Pa. 360, 371, 633 A.2d 134, 139 (1993) (quoting *In re Estate of Tallarico,* 425 Pa. 280, 288, 228 A.2d 736, 741 (1967)).

 ¶ 12 Pare's argument consists of bald allegations of concealment by Wyeth, but no specifics as to exactly what Wyeth allegedly concealed and what act of concealment Wyeth allegedly performed. The only act of which Wyeth is accused is entering, together with Pare, into the Agreed Order—an agreement that we find unambiguous. Pare alleges that Wyeth entered the Agreed Order misrepresenting a material fact—but he does not state what material fact was misrepresented. Pare presents not a stitch of evidence to support his allegations of concealment. The trial court most certainly did not err in refusing to estop Wyeth.

¶ 13 Finding no merit to appellant's contentions, we affirm the trial court's order granting summary judgment in favor of Wyeth.

¶ 14 Order affirmed.

---

**5.** *See supra* note 4.