Colangelo et vir, Appellants, *v.* Penn Hills Center, Inc.

Argued April 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Sidney R. Finkel,* with him *Savage, Finkel and Love,* for appellants.

*Preston J. McDonnell,* for appellees.

OPINION BY PACKEL, J., June 15, 1972:

The plaintiffs, husband and wife, appeal from a compulsory nonsuit granted in favor of a shopping center and a building contractor which had installed 8½ inch high curbing at a location which had been used to enter the shopping center. They were injured after the husband-plaintiff stopped their car at a T intersection, crossed the main highway and proceeded into what he assumed was an entrance to the shopping center, and then crashed into the curbing. They testified that despite darkness and rain, they had a clear view of the area directly before them but they did not see the curbing.

The plaintiffs offered to prove a dozen or more accidents which, like the accident in question, occurred within a month and a half after the installation of the curbing. The trial judge sustained the objection to the offer on the ground that the question of notice was not involved because the defendants had knowledge of the curbing. On the motion to remove the nonsuit, the court *en banc* concluded that the exclusion of the evidence as to the prior accidents at the same location was proper and that no duty was owed to the plaintiffs which could be the basis of negligence.

Like any possessor of land, a shopping center operator owes a duty to exercise reasonable care to protect business visitors from unreasonable risks which are known to him or reasonably discoverable, if the danger was such that he should have realized business invitees would be unaware of the hazard. *Palenscar v. Michael J. Bobb, Inc.,* 439 Pa. 101, 266 A. 2d 478 (1970) ; *Schon*

*v. Scranton-Springbrook Co.*, 381 Pa. 148, 112 A. 2d 89 (1955); *Restatement of Torts, 2d* §343 (1965).[1] Obviously, safe access to and from the premises is encompassed by this obligation, *see Held v. American Realty Corp.*, 378 Pa. 196, 106 A. 2d 582 (1954); *Polm v. Hession*, 363 Pa. 494, 70 A. 2d 311 (1950).

The law is clear that evidence of similar accidents is a proper and significant means of proving both knowledge and the existence of dangerous conditions in order to establish a prima facie case. 2 Wigmore, *Evidence*, §458 (3d ed. 1940). This was disregarded by the lower court. In *Ringelheim v. Fidelity Trust Co.*, 330 Pa. 69, 71, 198 A. 628, 629 (1938) Justice STERN, later Chief Justice, stated: "Authorities are almost unanimous in holding that evidence of the occurrence of similar accidents is admissible for the purpose of establishing the character of the place where they occurred, their cause, and the imputation of notice, constructive at least, to the proprietors of the establishment, of the defect and the likelihood of injury." In *Fisher v. Pomeroy's, Inc.*, 322 Pa. 389, 390-391, 185 A. 296, 297 (1936) plaintiff fell and was injured when her heel was caught in corrugated metal tread installed on defendant's stairway in a department store. In upholding the lower court's decision to admit evidence of accidents occurring in the same manner, Justice LINN explained why it should be received by the jury: "The plaintiff undertook to show that defendant maintained a dangerous stairway which caused her injury. But that would give her no right of action unless defendant also knew the condition existed . . . The evidence complained of showed that a condition, capable of causing injury, existed and that defendant knew of it." *Ac-*

---

[1] Separate considerations govern the duty of defendant building contractor, *Restatement of Torts, 2d* §385 (1965), but that aspect of the case was not dealt with by the lower court nor raised here.

cord, *Yoffee v. Pa. Power & Light Co.*, 385 Pa. 520, 123 A. 2d 636 (1956).

The lower court unsuccessfully attempted to distinguish the instant case by stating that "defendants installed the curb, knew it was there and notice on their part was not denied or in dispute." However, the critical issue is not knowledge of the existence of the curb, but knowledge of the alleged danger it created together with all attendant conditions. Had plaintiffs already proven defendants' actual knowledge of an inherently dangerous condition, the trial court might have properly exercised its discretion to exclude the evidence of similar accidents, if intended to prove those elements circumstantially, *Stormer v. Alberts Const. Co.*, 401 Pa. 461, 165 A. 2d 87 (1960).

It is incorrect for trial courts to exclude this type of evidence absolutely or invariably because of its potential for either confusion of issues, surprise, or prejudice. "Occasionally a Court is found excluding such evidence absolutely and invariably because of this general possibility, and without regard to its actual operation in the case in hand. Such a treatment is unnecessary and finical." 2 Wigmore, supra, p. 473.

The order of the lower court is reversed and the matter is remanded for a new trial.