625 A.2d 1326

Elizabeth A. ALLEN

v.

Kenneth E. MELLINGER, Commonwealth of Pennsylvania,
Department of Transportation, Walter Carpenter, Jr.
and Julia Carpenter.

Ann WHITE

v.

Kenneth E. MELLINGER, Walter Carpenter, Jr., Julia
Carpenter, and Commonwealth of Pennsylvania,
Department of Transportation.

Appeal of Elizabeth A. ALLEN, Appellant.

Commonwealth Court of Pennsylvania.

Argued March 30, 1993.

Decided May 26, 1993.

114

Joseph F. Roda, for appellant.

Girard E. Rickards, for appellees.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Elizabeth A. Allen (Allen) appeals from an order of the Court of Common Pleas of Lebanon County that granted summary judgment to Walter and Julia Carpenter (Carpenters).[1] We affirm.

On December 13, 1987, Allen and a companion traveled south on State Route 501 (highway), a three-lane, two-way road, with plans to visit the Mount Trail Store and Meat Market (store) owned by the Carpenters. As Allen attempted to make a left hand turn from the highway into the parking lot of the store, her vehicle collided with a truck coming from the opposite direction. Allen and her passenger sustained serious injuries.

The crest of the hill, at the location where Allen attempted her left turn, limited visibility for drivers traveling in both directions. Motorists often exceed the posted 50–mile per hour limit.[2] The parking lot of the store extends almost 200 yards along the highway.[3] Nothing in the parking lot indicates the best or worst place for patrons to enter and exit. The highway, however, has a left-hand turn lane, evidenced by a break in the double yellow center line. This break, in front of the store, appears to invite traffic to enter and exit the

1. This matter appears before this Court because the Pennsylvania Department of Transportation (DOT) is a party defendant. However, the only issue on appeal at this time is Allen's challenge to the trial court's grant of summary judgment to the Carpenters.

2. Several accidents have occurred at the same location.

3. The Carpenters' property line runs to the center of the highway.

parking lot. This is the point where Allen attempted her entrance.

Allen filed a complaint against the Carpenters, alleging that they had breached a duty of care by failing to warn her of a dangerous condition. The Carpenters answered, stating that they owed Allen no duty of care, because Allen's accident occurred on a public highway and not on their land. Further, the Carpenters specifically denied that the absence of markings on their parking lot was the factual or proximate cause of Allen's accident. After the completion of discovery, the Carpenters moved for summary judgment which the trial court granted.

■ Allen appeals,[4] arguing that the trial court erred in granting the Carpenters' motion for summary judgment because genuine issues of material fact exist as to the role of the Carpenters' alleged negligence regarding her accident.

. ■ Summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. No. 1035(b). Summary judgment may only be granted in cases where the right is clear and free from doubt. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). The moving party has the burden of proving the non-existence of any genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979).

■ The trial court held that, because Allen's accident occurred on the abutting public highway, rather than on the Carpenters' land, the Restatement (Second) of Torts § 349 (1965) absolved the Carpenters of liability. Section 349 states:

4. Our scope of review on appeal from a grant of summary judgment is limited to whether the trial court committed an error of law or abuse of discretion. *Wetzel v. City of Altoona*, 152 Pa.Commonwealth Ct. 309, 618 A.2d 1219 (1992).

## § 349. Dangerous Conditions in Public Highway or Private Right of Way

A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care

(a) to maintain the highway or way in safe condition for their use, or

(b) to warn them of dangerous conditions in the way which, although not created by him, are known to him and which they neither know nor are likely to discover.

While the Pennsylvania Supreme Court has adopted many sections of the Restatement of Torts, no Pennsylvania authority exists, on point, interpreting Section 349. However, cases from other jurisdictions are instructive. In *MacGrath v. Levin Properties*, 256 N.J.Super. 247, 606 A.2d 1108, *appeal denied*, 130 N.J. 19, 611 A.2d 656 (1992), a motorist struck a pedestrian as she attempted to cross a public highway, abutting the shopping center. The pedestrian sued the shopping center, arguing that the shopping center owed a duty to provide her with safe passage across the highway and to warn her of dangers inherent in traversing the highway. The New Jersey Court concluded that the shopping center had no duty to the pedestrian because the accident occurred on a public highway which was owned, controlled and maintained by the state. Relying upon Section 349 of the Restatement, the court held that abutting landowners owe no duty to maintain a public highway or to warn its users of dangers associated with the highway. "Liability rests with the state, if there exists a dangerous condition in a public way which caused the accident, or with the operator of the vehicle whose negligence caused the injuries . . ." *Id.* 256 N.J.Super. at 253, 606 A.2d at 1111–1112.

The Supreme Court of Minnesota has also relied upon Section 349 to absolve an abutting landowner from liability for a dangerous condition of a public street. In *Kopveiler v. Northern Pacific Railway Co.*, 280 Minn. 489, 160 N.W.2d 142 (1968), plaintiff brought an action to recover damages from a railroad for personal injuries sustained when he stepped from

a railroad depot and fell into a hole located on the adjacent public street, maintained by the local village. The location of the hole, while on a public street, was also on a portion of the railroad's right-of-way, never formally dedicated to the village. The court granted summary judgment in favor of the railroad reasoning that, regardless of who owned the fee, the evidence established the hole's location on a public street, maintained and controlled by the village.

Under Pennsylvania law, state highways are the property of the Commonwealth. *Department of Transportation v. Public Utility Commission,* 3 Pa.Commonwealth Ct. 473, 284 A.2d 155 (1971).[5] The Commonwealth has the exclusive duty for the maintenance and repair of state highways. *Shollar v. Department of Transportation,* 70 Pa.Commonwealth Ct. 243, 453 A.2d 24 (1982). The duty is not owed by abutting landowners. *Department of Transportation v. Phillips,* 87 Pa.Commonwealth Ct. 504, 488 A.2d 77 (1985). State Route 501, the road abutting the Carpenters' parking lot, has been designated a state highway by statute. *See* Section 1 of the Act of April 8, 1925, P.L. 191, 36 P.S. § 1476. Thus, even though the Carpenters' boundary line extends to the center of State Route 501, the ownership, control and possession of the highway traversing their property, along with the duty of care to maintain the highway, belongs to the Commonwealth.

In order to establish a *prima facie* case of negligence against the Carpenters, Allen must prove a duty of care on the part of the. Carpenters, and a breach thereof causing Allen's injuries. *McDonald v. Aliquippa Hospital,* 414 Pa.Superior Ct. 317, 606 A.2d 1218, *appeal denied,* 532 Pa. 646, 614 A.2d 1142 (1992). Allen has failed to do this. The Carpenters are not liable to Allen because, by her own admission, she collided with the truck in the center of the northbound lane of the highway, located off the Carpenters' property. As Section 349 of the Restatement makes clear, the Carpenters, as abutting

5. The only exception to this rule is for privately owned highways, such as the Pennsylvania Turnpike. *Id.*

landowners, owed no duty to Allen, which could be breached, to maintain a public highway in a safe condition.[6]

■ Allen argues that liability is established against the Carpenters on the basis of Restatement (Second) of Torts Section 343 (1965). That section states:

### § 343. Dangerous Conditions Known to or Discoverable by Possessor

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Section 343 does not establish liability against the Carpenters in this case because Allen's accident occurred entirely on the abutting public highway and not on property in the possession of the Carpenters. As stated previously, the ownership, control and *possession* of State Route 501 belongs exclusively to the Commonwealth. 36 P.S. § 1476; *Shollar; Phillips.* The Commonwealth not only had the right of exclusive control over the highway, but had, in fact, exercised that

---

**6.** Allen alleges that the Carpenters' failure to erect signs, paint lines, or place curbing or barricades in the store parking lot, indicating where it was safe to turn, created a dangerous condition which led to her accident. The record does not support this assertion. Allen attempted her left-hand turn into the store parking lot from a position on the highway where the double yellow center line was broken by a side white edge line, creating a third lane on the two-way highway. DOT has the responsibility for the application of pavement and curb markings. *See* 67 Pa.Code §§ 211.1131–211.1214. DOT regulations state that a yellow center line broken by a white edge line on a two-way highway creates a "left turn standby lane," indicating the appropriate position from which to make a left turn off that highway. *See* 67 Pa.Code §§ 211.1132, 211.1151(d)(3) and 211.1156. Even if the position of the left turn standby lane created a dangerous condition, it was a condition of the highway, a responsibility of the Commonwealth, over which the Carpenters had no control.

120

right in designing the highway, setting the speed limits and painting the lines.[7]

Accordingly, we affirm the grant of summary judgment to the Carpenters.

## ORDER

AND NOW, this 26th day of May, 1993, the order of the Court of Common Pleas of Lebanon County in the above-captioned matter is hereby affirmed.

---

**7.** Therefore, Allen's reliance upon *Colangelo v. Penn Hills Center, Inc.,* 221 Pa.Superior Ct. 381, 292 A.2d 490 (1972) is misplaced. In that case, a shopping center erected curbing at a location which had formerly served as an entrance. The plaintiffs sustained injuries when they stopped their car at an intersection, crossed the highway, proceeded into what they assumed was the entrance to the shopping center, and then collided with the curbing. Relying upon Section 343 of the Restatement, the Superior Court held that the shopping center owed a duty of care to the plaintiffs which they had breached. *Colangelo* is inapposite because in that case the shopping center actually erected the curbing, thereby creating the dangerous condition which resulted in the plaintiff's injuries.