**Connolly v. Brink**

*Clifford E. Haines,* for plaintiff.

464

*Joseph L. Feliciani,* for defendants James Brink and Terry Brink.

*George M. Vinci, Jr.,* for defendant Mount Airy Lodge, Inc.

MILLER, *J.,* December 17, 1993—Following a United Way social event held at Mount Airy Lodge in Paradise Township, Monroe County, Pennsylvania, Sachiko Perry, deceased, and her friend Eileen Connolly walked from the resort complex to the resort's parking lot which was located on the other side of State Route 1013 (also known as Woodland Road). While crossing Woodland Road and on Woodland Road, they were hit by an automobile driven by defendant James M. Brink. Mrs. Perry was killed as the result of this accident and Ms. Connolly sustained serious injuries.

Eileen Connolly filed a complaint against James M. Brink and Mount Airy Lodge, Inc. and a complaint was filed on behalf of the estate of Sachiko Perry. We note that a stipulation to consolidate these actions was filed with the Prothonotary of Monroe County. However, no request has been made directly to the court for the consolidation.

Defendant Mount Airy Lodge, Inc. has now filed a "motion to dismiss plaintiff's complaint". We note that there is no procedure in the Pennsylvania Rules of Civil Procedure for this type of request. However, we will treat it as a motion for judgment on the pleadings since at this stage the docket entries show the following: A complaint filed by the plaintiff; an answer filed by defendant Brink with new matter and new matter crossclaim; reply of defendant Mount Airy Lodge to new matter, crossclaim of defendant Brink; preliminary objections by Mount Airy Lodge; an amended complaint filed by the plaintiff; defendant Brink's answer to the

amended complaint; plaintiff's reply to new matter; answer of defendant Mount Airy Lodge to plaintiff's amended complaint with new matter and new matter crossclaim; plaintiff's reply to new matter of defendant Mount Airy Lodge; and defendant Mount Airy Lodge's motion to dismiss complaint.

Defendant's motion to dismiss rests entirely on the Commonwealth Court decision in *Allen v. Mellinger,* 156 Pa. Commw. 113, 625 A.2d 1326 (1993). Defendant argues that the case is on all fours with the factual scenario in this matter and therefore plaintiff has failed to state a cause of action in her complaint. We have read the *Allen* case very closely and have determined that it is significantly different from the facts alleged in the matter before us. *Allen* involves an automobile accident between two cars when Mrs. Allen was attempting to make a left hand turn into a store parking area from a state highway in Lebanon County, Pennsylvania. In spite of defendant's representation, we find nothing in the *Allen* opinion to indicate that the parking lot was not on the same side of the road as the store.[1] In the *Allen* case, the Commonwealth Court does indicate that they were unable to find any Pennsylvania authority interpreting the Restatement of Torts cited by plaintiff in that case to hold defendant liable. However, that court did cite to a New Jersey case, *MacGrath v. Levin Properties,* 256 N.J. Super. 247, 606 A.2d 1108, *appeal denied,* 130 N.J. 19, 611 A.2d 656 (1992) as being analogous to the *Allen* case.

The *MacGrath* case, while being analogous to *Allen,* further cites the case of *Warrington v. Bird,* 204 N.J. Super. 611, 499 A.2d 1026 (App. Div. 1985), *cert. de-*

---

1. We have also acquired a copy of the lower court's opinion granting summary judgment to further review the facts.

*nied,* 103 N.J. 473, 511 A.2d 653 (1986). In that case, the Superior Court of New Jersey found that a restaurant owner had a duty to protect its patrons from the hazards of a county road which ran between the restaurant and its parking lot.

Based on the standard that is before us in resolving a motion for judgment on the pleadings, which is whether on the facts alleged, the law says with certainty that no recovery is possible, we cannot, based on the *Mellinger* case alone, grant defendant's motion. Therefore, we enter the following order.

### ORDER

And now, December 17, 1993, defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action is denied.