## Wellington v. Day-Timers Inc.

444

C.P. of Lehigh County, no. 1999-C-330.

*Robert G. Bauer,* for plaintiff.
*Antoinette R. Stone* and *Oldrich Foucek III,* for defendants.

FORD, *J.,* May 1, 2000—In the motion for summary judgment before us, filed on October 12, 1999 by additional defendant, Wood Business Dining Services Inc. n/k/a The Wood Company, Wood seeks dismissal of the case against it based on the employer immunity provision of the Workers' Compensation Act, 77 P.S. §481. There is merit to Wood's motion. We grant it and dismiss Wood as a party.

Plaintiff, Patricia Wellington, was an employee of Wood assigned to work at the cafeteria of the defendant, Day-Timers Inc. In her complaint, she alleges that she received an electrical shock on May 9, 1997 in the Day-Timers's cafeteria while cleaning a steam table.

The plaintiff brought the suit against just Day-Timers on February 8, 1999 by filing a complaint. On June 3, 1999, Day-Timers filed a third party complaint against Wood, plaintiff's employer. The third party complaint has a count for indemnification and a count for breach of contract. The joinder complaint is based upon an indemnification clause that is found in the food service agreement entered between Day-Timers and Wood.

An employer may not be joined as an additional defendant in an action by an injured employee against a third party tort-feasor. The employer may not be joined on a theory of direct sole liability or joint or several liability. The employer may not be joined for the purpose of apportioning negligence. 77 P.S. §481. See the discussion pertaining to the breadth of this immunity provision in *Fulmer v. Duquesne Light Co.,* 374 Pa. Super. 537, 540-41, 543 A.2d 1101-1102 (1988).

The immunity under the Act precludes a third party from seeking indemnification or contribution from the employer, whether the plaintiff's injuries were brought about by the third party or were caused by the employer himself. *Tsarnas v. Jones & Laughlin Steel Corp.,* 488 Pa. 513, 412 A.2d 1094 (1980); *Bester v. Essex Crane Rental Corp.,* 422 Pa. Super. 178, 619 A.2d 304 (1993), *appeal denied,* 539 Pa. 641, 651 A.2d 530 (1994).

However, an employer may waive its immunity for indemnity to the third party but it must be "expressly provided for in a written contract entered into by the party

alleged to be liable prior to the date of the occurrence which gave rise to the action." 77 P.S. §481(b).

This is the nub issue in this case. Through paragraph 7B of the contract between Day-Timers and Wood, did Wood waive its immunity from indemnification and contract claims brought against it by Day-Timers, related to the electrocution accident which Ms. Wellington claims she suffered? Both parties have appropriately emphasized the significance of the en banc decision of the Superior Court in *Bester v. Essex Crane Rental Corp.,* 422 Pa. Super. 178, 619 A.2d 304 (1993), *appeal denied,* 539 Pa. 641, 651 A.2d 530 (1994).[1]

The mandate of the Workers' Compensation Act that it takes an express agreement to waive the employer's immunity under the Act, as elucidated in *Bester,* leads us easily to the conclusion that Wood, the employer here, has not waived its immunity on indemnification and contract claims under the provisions of paragraph 7B. The immunity for Wood remains for both wrongdoing by Day-Timers's employees as well as Wood's employees.

The *Bester* court stated that "if the indemnification agreement is clear and includes indemnification in the event of either the indemnitee's or the employer's own negligence, its enforceability does not require that the employer, in addition, expressly and in haec verba waive the immunity provided by section 481(b) of the Workers' Compensation Act." The court explained that "[t]he

---

[1]. The original contract of June 1990 between Day-Timers and Wood contained paragraph 7B which we recite verbatim below and that paragraph has survived the amendments to the contract on May 23, 1992 and September 13, 1996.

intent to indemnify against claims by employees of the alleged indemnitor, however, must clearly appear from the terms of the agreement." *Bester* at 185, 619 A.2d at 307. Unless there is a proper waiver, "a third party may not seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the employee's injury." *Id.* at 183, 619 A.2d at 306-307. (citations omitted)

The indemnity provision in the Workers' Compensation Act that grants immunity to employers must be "strictly construed" and general indemnity language such as "any or all" or "any nature whatsoever" is insufficient to overcome the immunity. *Bester* at 184, 619 A.2d at 307. Without specificity in the indemnification language, the Workers' Compensation Act bars any liability on the part of the employer, including for indemnity, whether as a result of the indemnitor's or indemnitee's negligence.

We examine the language of paragraph 7B. It provides:

"Wood shall indemnify and hold harmless Day-Timers and its agents and employees from and against all claims, damages, losses and expenses, including attorney's fees, arising out of or resulting from the activities or omissions of Wood hereunder, or the services provided in connection herewith, except to the extent that such claims, damages, etc. are attributable to the negligence of Day-Timers, its agents and employees."

This contract provision is insufficient to constitute a waiver of the immunity extended to Wood. An intent by Wood to indemnify Day-Timers against claims by employees of Wood, whether for negligent acts by Day-Timers or for negligent acts by Wood, does not clearly appear from the terms of this agreement. We have gen-

eral indemnity language only. Paragraph 7B lacks a clearly expressed intent to waive indemnity liability and so, as a matter of law, it is not sufficient to expose Wood to contract or indemnity liability arising out of the injuries suffered by the plaintiff.

Granting summary judgment is proper only where, viewing all the facts in the light most favorable to the nonmoving party and resolving all doubts as to the existence of material fact against the moving party, the moving party is entitled to judgment as a matter of law. *Dorohovich v. West American Insurance Co.,* 403 Pa. Super. 412, 589 A.2d 252 (1991). The party moving for summary judgment has the burden of proving that no genuine issue of material fact exists. *Allen v. Mellinger,* 156 Pa. Commw. 113, 625 A.2d 1326 (1993), *appeal denied,* 537 Pa. 653, 644 A.2d 738 (1994). Summary judgment may be granted only where the moving party's right is clear and free from doubt. *Id.*

In view of our finding that, as a matter of law, Wood has not waived its immunity under the Act, there are no material issues of fact relating to Wood's potential responsibility. Accordingly, our granting the motion for summary judgment is required.

## ORDER

Now, May 1, 2000, after argument on the additional defendant's motion for summary judgment conducted on February 1, 2000, and for the reasons set forth in the accompanying opinion, it is hereby ordered that the additional defendant's motion for summary judgment is granted. Additional defendant, Wood Business Dining Services Inc. n/k/a The Wood Company, is hereby dismissed as a party in this case for all purposes.