# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sidney Martin,                    :
              Appellant      :
                                 :
       v.                      :    No. 96 C.D. 2020
                                 :    Submitted: September 18, 2020
Michael Harlow, Linda Traut,    :
Michelle Wagner, and Dorina     :
Varner, are sued in their         :
Individual and official capacities   :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge[1]
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                       **FILED: April 30, 2021**

Appellant Sidney Martin (Martin) appeals, *pro se*, from an order of the Court of Common Pleas of Erie County (trial court), dated December 9, 2019. The trial court granted the motion for summary judgment filed by Michael Harlow, Linda Traut, Michelle Wagner, and Dorina Varner (collectively, Appellees), thereby dismissing a complaint filed by Martin. For the reasons discussed below, we affirm in part, reverse in part, and remand for further proceedings.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson became President Judge.

On April 5, 2013, Martin, an inmate then housed at the State Correctional Institution at Albion (SCI-Albion),[2] filed a complaint (Complaint) with the trial court sounding in negligence against Appellees in their individual and official capacities.[3] Martin alleged that he suffered personal injuries when he contracted food poisoning from eating improperly cooked chicken as part of his dinner served at SCI-Albion on November 20, 2012.[4] (Complaint ¶¶ 9-37.) Martin averred that, at the time in question, he cut into his chicken and noticed that the inside was "extremely red." (*Id.* ¶ 12.) Martin showed a correctional officer, identified as Correctional Officer Hall, who directed Martin to get another tray. (*Id.* ¶ 13.) Martin further alleged that the second piece of chicken "wasn't much better," but he "tried to eat the parts that appeared to be cooked." (*Id.* ¶¶ 14-15.) Martin claimed that he became sick within an hour of consuming the chicken and that he experienced persistent and fluctuating

[2] It appears from a letter Martin filed in this Court and Appellees' brief that Martin is now housed at the State Correctional Institution at Forest in Marienville.

[3] Appellees are four Pennsylvania Department of Corrections (DOC) officials: Michael Harlow is the Superintendent of SCI-Albion; Linda Traut is the Food Service Manager of SCI-Albion; Michelle Wagner is a Unit Manager at SCI-Albion; and Dorina Varner is the Chief Grievance Officer at DOC.

[4] In the Complaint, Martin characterized his illness as a "food intolerance reaction," "food poisoning," "enteritis," and "gastroenteritis." (Complaint ¶¶ 16, 31, 49, 59, 64, 66-67, 69, 75.) He specifically alleged that he received an initial diagnosis of "'enteritis' also called 'gastroenteritis,'" and that gastroenteritis is a type of food poisoning. (*Id.* ¶¶ 66, 69.) Notably, Exhibit 3 attached to the Complaint contains an "Exhibit A," titled "Inmate's Request to Staff Member," dated December 3, 2012, and marked as "Received in Medical" on December 5, 2012. Therein, Martin identified his illness in yet another way, "salmonella food poisoning," and asked about "how long the salmonella bacteria stays in a person's body." (*Id.*, Ex. 3.) In the response section of the form, dated December 12, 2012, Daniel Telega, PA-C, wrote that Martin was "not diagnosed with salmonella" and that "[t]he initial diagnosis was 'enteritis[.']" (*Id.*) The response section also indicated that a stool culture had not been placed in Martin's chart yet and that Martin would be notified if the results were abnormal. (*Id.*)

symptoms over the course of the following eight days, resulting in four trips to the medical department during that time.[5]  (*Id.* ¶¶ 16-37.)

Martin claimed that Appellees generally had a duty to take reasonable care of him and not feed him contaminated food, they breached their duty to him, this breach caused him harm, and he "suffered personal injury damage as a result of consuming poisonous food."[6]  (*Id.* ¶¶ 79-81, 84.)  Notably, with respect to Traut in particular, Martin further averred that she is "responsible for the operation of SCI-Albion's kitchen, the food served in that kitchen, [and] the welfare and safety of the prisoners and employees who eat the food from that kitchen."  (*Id.* ¶ 5.)  He also alleged that Traut "has a duty to conduct daily oversight of the employees' routine monitoring of cooking temperatures using appropriate temperature measuring devices[,] . . . to ensure the employees are properly cooking potentially hazardous food, and are being particularly careful in cooking those foods known to cause severe foodborne illness and death." (*Id.* ¶ 63.)  Relatedly, Martin claimed that the chicken he consumed was not cooked to the appropriate internal temperature, that the utensils and equipment used to cook the chicken were not cleaned properly, and that prisoners were rushed to cook the food within a certain timeframe.  (*Id.* ¶¶ 53-56.)  Martin sought compensatory damages in the amount of $5,500, among other relief.  (*Id.* ¶ 88.)

Ultimately, Appellees filed a motion for summary judgment and supporting brief.  Therein, Appellees asserted that they were entitled to immunity pursuant to

---

[5] In the Complaint, under the heading "Exhaustion of Administrative Remedies," Martin alleged that he filed a grievance regarding the incident, which was denied or dismissed at all levels by Wagner, Harlow, and Varner.  (Complaint ¶¶ 41-48 and attached Exs. 1-8.) Martin alleged in the Complaint various improprieties with respect to all four Appellees' involvement in the handling of his grievance.  (*Id.* ¶¶ 51-53, 57-59, 62, 64-65, 70-77.)

[6] Martin also included one paragraph in his Complaint asserting that Appellees "have violated 42 [Pa. C.S. §] 8550 willful misconduct."  (Complaint ¶ 78.)

3

what is commonly referred to as the Sovereign Immunity Act (Act), 42 Pa. C.S. §§ 8521-8528. Appellees further argued that Martin had failed to adduce evidence sufficient to show that there was a genuine issue of material fact for trial with respect to his negligence claim (particularly the element of causation), because there was no evidence to establish that he ate chicken and became sick with "[s]almonella." (Appellees' Motion for Summary Judgment, 10/15/2019, at 2.) Appellees argued that, on the contrary, evidence established that Martin did not have salmonella or any other abnormal condition, and that he was never determined to have salmonella or "other [f]ood [p]oisoning."[7] (*Id.* at 2-3.) Appellees also argued that the case should be dismissed as to Wagner, Harlow, and Varner, as Traut was the only individual alleged to have any involvement in food service.

Martin thereafter filed a response to Appellees' motion for summary judgment in which he essentially argued that, *inter alia*, he had asserted a viable negligence claim against Appellees and that there were disputed material facts that needed to be resolved by a jury. In so doing, Martin emphasized that there was evidence demonstrating that he was diagnosed with "enteritis" or "gastroenteritis,"

---

[7] In support of their motion, Appellees attached several exhibits, including a report issued by BioReference Laboratories, dated December 17, 2012. The report indicated that a stool sample from Martin, which was collected and received on December 13, 2012, had "normal enteric flora" and was "negative for salmonella, shigella, e.coli 0157, campylobacter and yersinia sp." (Appellees' Motion for Summary Judgment, Ex. B.) Also among the exhibits, however, was the "Inmate's Request to Staff Member" indicating that Martin was initially diagnosed with "enteritis," as discussed in footnote 4. (*See* Appellees' Motion for Summary Judgment, Ex. A.) Additionally, Appellees appended other "progress notes" concerning Martin's visits to the medical department from November 21, 2012, to January 17, 2013, which detail the various symptoms Martin was experiencing and treatment he received during that time. (Appellees' Motion for Summary Judgment, Ex. C.) A progress note dated November 28, 2012, provides that Martin was experiencing "persistent diarrhea [indiscernible] eating 'chicken'" and notes "enteritis" as an apparent assessment. (*Id.*)

4

which is a type of food poisoning, and his lab work was conducted weeks after the incident, at which point his illness had resolved.

By order dated December 9, 2019, the trial court granted Appellees' motion for summary judgment and dismissed Martin's Complaint on two separate bases: (1) there were no "factual allegations or inferences therefrom" establishing that any of Appellees engaged in any conduct causing harm to Martin; and (2) "on the basis of what is alleged in [Martin's] Complaint," Appellees were protected by sovereign immunity, as none of the exceptions were "factually supported in this case." (Trial court order, 12/9/2019.) This appeal followed.[8]

On appeal,[9] Martin argues that the trial court erred in granting Appellees' motion for summary judgment and in particular concluding that sovereign immunity applies, because he has established a common law cause of action in negligence against each Appellee.[10] Further, with respect to the exceptions to sovereign

---

[8] Martin originally appealed to the Superior Court, which transferred the matter to this Court.

[9] This Court's review of a trial court's order granting a motion for summary judgment is limited to considering whether the trial court erred as a matter of law or abused its discretion. *Manley v. Fitzgerald*, 997 A.2d 1235, 1238 n.2 (Pa. Cmwlth. 2010). A court may grant a motion for summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* The right to judgment must be clear and free from doubt. *Allen v. Mellinger*, 625 A.2d 1326, 1327-28 (Pa. Cmwlth. 1993), *appeal denied*, 644 A.2d 738 (Pa. 1994). In reviewing the granting of a motion for summary judgment, this Court must "view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Pappas v. Asbel*, 768 A.2d 1089, 1095 (Pa. 2001), *cert. denied*, 536 U.S. 938 (2002).

[10] In his brief to this Court, Martin also presents arguments regarding his entitlement to relief upon various other legal claims not based on negligence. Aside from one paragraph in the Complaint asserting that Appellees "have violated 42 [Pa. C.S. §] 8550 willful misconduct," Martin only pled a negligence cause of action. Thus, our review here is limited to whether the trial court erred in granting summary judgment as to a claim based in negligence only. Furthermore, as to Martin's reliance on Section 8550 of the Judicial Code, we note that Section 8550 may be

5

immunity, Martin appears to argue that his claim falls under the "personal property" exception set forth in Section 8522(b)(3) of the Act[11] on the basis that he, as a prisoner, is the personal property of the Commonwealth. Martin also argues that there are material facts in dispute rendering the grant of summary judgment in Appellees' favor improper.

In response, Appellees argue that Martin failed to adduce sufficient evidence that he suffered "salmonella food poisoning." (Appellees' Brief at 11.) Appellees contend that Martin offers nothing more than a self-diagnosis of salmonella and speculation that undercooked chicken caused his illness based upon the temporal relationship between his consumption of the chicken and the illness, which is insufficient to establish a *prima facie* case of negligence. In support of their position, Appellees rely upon, *inter alia*, *Rogers v. City of Philadelphia* (Pa. Cmwlth., No. 2678 C.D. 2015, filed November 30, 2016),[12] providing that "[a] plaintiff cannot survive summary judgment when mere speculation would be required for the jury to find in plaintiff's favor" and that "there must be evidence upon which logically its conclusion [that a defendant's negligence caused the plaintiff's injury] must be based." *Id.*, slip op. at 11-12 (quoting *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 568 (Pa. Super. 2014)). Appellees also reiterate that the

---

invoked to waive official immunity under certain circumstances, but only in an "action against a *local* agency or employee thereof." 42 Pa. C.S. § 8550 (emphasis added). Thus, Section 8550 does not apply to DOC or its employees.

[11] Section 8522(b)(3) of the Act provides, in relevant part, that the Commonwealth may be held liable "and the defense of sovereign immunity shall not be raised to claims for damages caused by: . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency." 42 Pa. C.S. § 8522(b)(3).

[12] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), an unreported opinion of the Court filed after January 15, 2008, may be cited only "for its persuasive value, but not as binding precedent."

6

evidence of record demonstrates that Martin did not have salmonella and, thus, no reasonable juror could conclude that he suffered food poisoning as a result of the chicken he ate at SCI-Albion.

Appellees further argue that, even assuming that Martin demonstrated that he suffered food poisoning as a result of food served at SCI-Albion, Martin's claim still fails on sovereign immunity grounds. Appellees contend that Martin did not allege or demonstrate that any of Appellees were involved in the food poisoning incident. Appellees add that Commonwealth employees "are liable only for their own actionabl[e] conduct and are not vicariously liable or legally responsible for the acts of their subordinates," and that "there is no cause of action related to a defendant's alleged mishandling of an investigation or processing of a prison grievance after the fact." (Appellees' Brief at 12-13 (citing *Martin v. Clark* (Pa. Cmwlth., No. 74 C.D. 2018, filed July 27, 2018), slip. op. at 3-5)). Appellees also contend that Martin fails to articulate which of the enumerated exceptions to sovereign immunity applies to this case.[13]

Pursuant to the Act, "[s]overeign immunity is only waived for damages arising out of a negligent act where the common law or a statute would permit recovery if the injury were caused by a person not protected by sovereign immunity and the cause of action falls under one of the specifically enumerated exceptions to immunity." *Page v. City of Philadelphia*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011), *appeal denied*, 40 A.3d 124 (Pa. 2012). In order to establish a common law negligence claim for purposes of meeting the threshold requirement for a waiver of sovereign immunity, Martin is required to prove the following

---

[13] Notwithstanding the above, Appellees acknowledge that the personal property exception to sovereign immunity is the only exception that arguably applies to this matter. (Appellees' Brief at 10-11.)

7

elements: "(1) [Appellees'] duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between [Appellees'] conduct and the resulting injury; and (4) actual damages." *Id.* (citing *Talarico v. Bonham*, 650 A.2d 1192, 1195-96 (Pa. Cmwlth. 1994)).

Preliminarily, we observe that the first basis upon which the trial court granted Appellees' motion for summary judgment was that there were "no factual allegations or inferences therefrom" establishing that any of Appellees engaged in conduct causing harm to Martin. (Trial court order, 12/9/2019.) As noted, the crux of Martin's claim is that he contracted food poisoning caused by eating undercooked chicken that was served to him for dinner at SCI-Albion. Upon review, we agree that Martin does not allege how Harlow, the Superintendent of SCI-Albion; Wagner, a Unit Manager at SCI-Albion; and Varner, the Chief Grievance Officer of DOC, had any involvement in the alleged food poisoning incident.[14] Thus, we conclude that the trial court did not err to the extent that it granted summary judgment in favor of those Appellees.

---

[14] To the extent that Martin is claiming that Harlow is liable based solely on his supervisory position as Superintendent of SCI-Albion, we note that "[a] negligence action may not lie against a public official if there is no averment that the individual committed a wrongful act in his official capacity or by his personal action, and the action is solely predicated upon a theory of *respondeat superior*." *Payne v. Whalen* (Pa. Cmwlth., No. 587 C.D. 2018, filed April 25, 2019), slip. op. at 11 (citing *Witt v. Dep't of Banking*, 409 A.2d 932, 934 (Pa. Cmwlth. 1980), *aff'd per curiam*, 425 A.2d 374 (Pa. 1981)), *appeal denied*, 223 A.3d 1288 (Pa. 2020). We further note that, insofar as there are allegations in the Complaint concerning Harlow, Wagner, Varner, and Traut pertaining to the handling of his grievance after the food poisoning incident, this Court has observed that "there is no cause of action for the mishandling of an inmate's grievance." *White v. Walter* (Pa. Cmwlth., No. 1341 C.D. 2019, filed February 9, 2021), slip. op. at 12-13 (further explaining that, "[t]herefore, to the extent that [the inmate's c]omplaint can be understood to assert that . . . DOC [o]fficials negligently handled his grievance . . . [the complaint] failed to state a claim upon which relief could be granted").

With respect to Appellee Traut, however, we note the following. First, Appellees did not argue in their motion that summary judgment should be granted in favor of Traut on the basis that there were no allegations or inferences therefrom establishing that she engaged in any conduct causing harm to Martin. Indeed, Appellees conceded that Traut was the only named party who had involvement in food service and, thus, asked for the case to be dismissed against only the other Appellees based on their lack of involvement. Thus, the trial court's grant of summary judgment in favor of Traut on the grounds that there were no factual allegations or inferences therefrom establishing that she engaged in any conduct causing harm to Martin was done *sua sponte*. We observe that "it is inappropriate for a trial court to grant summary judgment for reasons addressed *sua sponte*." *Yount v. Pa. Dep't of Corr*., 966 A.2d 1115, 1119 (Pa. 2009). "For a trial court to raise an argument in favor of summary judgment *sua sponte* and grant summary judgment thereon risks depriving the court [of] the benefit of advocacy on the issue, and depriving the parties [of] the opportunity to be heard." *Id*.

Further, Martin alleged that Traut, as the Food Service Manager of SCI-Albion, is responsible for the operation of its kitchen, the food served there, and "the welfare and safety of the prisoners and employees who eat the food from that kitchen." (Complaint ¶ 5.) Martin further alleged that Traut "has a duty to conduct daily oversight of the employees' routine monitoring of cooking temperatures using appropriate temperature measuring devices[,] . . . to ensure the employees are properly cooking potentially hazardous food, and are being particularly careful in cooking those foods known to cause severe foodborne illness and death." (*Id.* ¶ 63.) Martin also averred that the chicken he consumed was not

9

cooked to the appropriate internal temperature, that the utensils and equipment used to cook the chicken were not cleaned properly, and that prisoners were rushed to cook the food within a certain timeframe. (*Id.* ¶¶ 53-56.) Based on the precise nature of Appellees' argument raised in their motion for summary judgment, the allegations set forth in the Complaint, and the standards governing summary judgment, we conclude that the trial court erred insofar as it held that there are no "factual allegations or inferences therefrom" establishing that Traut engaged in any conduct which caused harm to Martin.[15] (Trial court order, 12/9/2019.)

Additionally, while Appellees reiterate their argument that Martin has failed to adduce evidence that he suffered from "salmonella" or "food poisoning" from eating chicken at SCI-Albion beyond a self-diagnosis and the timing of his consumption and the illness, there is evidence in the record to support that Martin experienced symptoms of an illness following his consumption of the chicken and that he received a diagnosis of "enteritis" in the days following the incident,

---

[15] Insofar as Appellees argue before this Court that Martin failed to adduce evidence of Traut's involvement, they did not present this argument in their motion for summary judgment, and the trial court did not grant the motion on this basis. Again, Appellees conceded that Traut was the only named party who had involvement in food service and, thus, did not ask for the case to be dismissed against her on the basis that there were no allegations—or that there was a lack of evidence—establishing her involvement as they did with respect to the other Appellees. Given that Martin was not afforded sufficient notice of the issue and a full and fair opportunity to respond appropriately to such a claim below, we decline to affirm on the basis of that contention here. *See Shamis v. Moon*, 81 A.3d 962, 970 (Pa. Super. 2013) ("[S]ince a trial court cannot 'raise an argument in favor of summary judgment *sua sponte* and grant summary judgment thereon,' it would appear as if this Court—also—cannot affirm a trial court's grant of summary judgment upon an argument that was never raised in support of the summary judgment motion. We could not do so, as this would cause us to affirm on grounds that are not 'supported by the record.'") (internal citation and emphasis omitted); *see also* Pa. R.C.P. No. 1035.3(e)(1) (providing that, at any time prior to trial, a court can rule "upon a motion for summary judgment without written responses or briefs if no party is prejudiced," and that "[a] party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion").

as explained above. Viewing this evidence and the rest of the record in the light most favorable to Martin as the non-moving party, we disagree with Appellees that, at this point, there is no genuine issue of material fact as to causation, particularly on the asserted grounds that Martin did not show that he suffered from an illness specifically identified as "salmonella" or "food poisoning."

Having concluded that the trial court erred with respect to its holding regarding Martin's common law negligence claim as asserted against Traut, we turn to the second requirement that must be met for immunity to apply: satisfaction of one of the exceptions enumerated in Section 8522(b) of the Act. On this point, the trial court concluded that none of the exceptions to sovereign immunity were "factually supported." (Trial court order, 12/9/2019.) Appellees acknowledge potential application of the personal property exception but offer little discussion beyond that acknowledgement.[16] Martin seems to argue that it applies because he is the personal property of the Commonwealth by virtue of his status as a prisoner, though the Court has already rejected "out of hand" the contention that a prisoner's status makes him the personal property of the Commonwealth for purposes of Section 8522(b)(3) of the Act. *Gallagher v. Bureau of Corr.*, 545 A.2d 981, 984 (Pa. Cmwlth. 1988) (*en banc*), *appeal denied*, 554 A.2d 511 (Pa. 1989).

---

[16] In their motion for summary judgment and brief in support, Appellees likewise acknowledged that the personal property exception was the only possible exception applicable herein. While Appellees did state in their supporting brief that Martin's claims did not fall within the exception for the reasons argued in the brief, as noted, those arguments concerned Martin's alleged failure to adduce sufficient evidence of causation as well as Harlow's, Wagner's, and Varner's lack of involvement in the food poisoning incident. To the extent that the trial court held that none of the exceptions were "factually supported" based upon its determination that none of Appellees were involved in the food poisoning incident, we again conclude that the trial court's holding was in error as applied to Traut for the reasons previously discussed.

As noted above, Section 8522(b)(3) of the Act waives sovereign immunity for "claims for damages caused by . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency." Generally speaking, it stands to reason that the food served by a state correctional institution to inmates housed in that facility may well constitute personal property of DOC. Furthermore, Martin claims that Traut, as the Food Service Manager of SCI-Albion, was responsible for the operation of SCI-Albion's kitchen and had a duty to ensure that the employees properly handled and prepared potentially hazardous food, including the allegedly undercooked chicken that Martin claims caused him to become ill with food poisoning. Appellees, therefore, have not established that the exception to sovereign immunity set forth in Section 8522(b)(3) of the Act is inapplicable, because, given that genuine issues of material fact exist, they have not established that Traut's "care, custody or control" of DOC's "personal property," *i.e.*, the chicken, did not cause damage to Martin in the form of food poisoning. *See* 42 Pa. C.S. § 8522(b)(3). Thus, the trial court erred in granting summary judgment on this basis as to Traut.

For the foregoing reasons, we hold that the trial court properly granted summary judgment in favor of Appellees Harlow, Wagner, and Varner, and thus we affirm the trial court's order as it pertains to those Appellees. Conversely, we hold that the trial court erroneously granted summary judgment in favor of Appellee Traut, and thus we reverse the trial court's order as it pertains to her. We remand the matter for further proceedings consistent with this opinion.

_____
P. KEVIN BROBSON, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sidney Martin,                  :
           Appellant     :
                                 :
           v.                   :    No. 96 C.D. 2020
                                 :
Michael Harlow, Linda Traut,    :
Michelle Wagner, and Dorina     :
Varner, are sued in their         :
Individual and official capacities   :

## **O R D E R**

AND NOW, this 30th day of April, 2021, the order of the Court of Common Pleas of Erie County (trial court), dated December 9, 2019, is hereby AFFIRMED, in part, and REVERSED, in part, and the matter is REMANDED to the trial court for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.

 

                                    _____
                                    P. KEVIN BROBSON, Judge